**IT IS SO ORDERED.**

**SIGNED THIS: September 27, 2007**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TONI ANN HARRISON, | ) Bankruptcy Case No. 06-90635 |
| | ) |
| | ) |

OPINION

This matter having come before the Court on an Order to Show Cause issued on August 13, 2007; the Court, having reviewed written memorandum of law submitted by Robert P. Follmer, as attorney for Debtor, and the record of Debtor's bankruptcy proceedings, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1.    Debtor, Toni Ann Harrison, filed a Chapter 7 bankruptcy on March 3, 1999, and received her discharge on June 14, 1999.

2. Debtor, Toni Ann Harrison, then filed the current case as a Chapter 13 on June 28, 2006, and, upon information and belief, after review by her counsel, had the case converted to Chapter 7 on June 13, 2007.

3. By letter dated June 19, 2007, the United States Trustee contacted Debtor's counsel, Robert P. Follmer, and informed him of Debtor's ineligibility to receive a discharge in her present case under Chapter 7, pursuant to 11 U.S.C. § 727(a)(8).

4. By e-mail dated June 27, 2007, the United States Trustee contacted Debtor's counsel, Robert P. Follmer, to follow-up on the issue of Debtor's ineligibility for a discharge in the current case.

5. Debtor, by counsel, filed a Motion to Dismiss on July 2, 2007.

6. On July 12, 2007, the Debtor filed a letter with the Bankruptcy Court in which she alleges that, when she originally asked to have her case converted from Chapter 13 to Chapter 7, the law firm of Ostling & Associates told her they had to check to make sure she was eligible for Chapter 7. Debtor further states that she was called back by Ostling & Associates and told that she was eligible to convert, but "had to finish paying the lawyer for the Chapter 13 plus $275 for converting."

7. The Rule 2016(B) Statement filed in this case shows attorney fees of $2,500 being charged, with $500 being paid pre-petition and an unpaid balance of $2,000.

8. Chapter 13 Trustee, James R. Geekie, reports fees being received and paid through the plan in the amount of $1,693.53, with an unpaid balance of $306.47.

9. Counsel for Debtor did not seek Court approval for the $275 conversion fee, nor did counsel for Debtor file an amended Rule 2016(B) Statement showing the additional fees being charged.

10. On July 26, 2007, the Office of the United States Trustee filed a Motion for Order to Show Cause in which it requested that Debtor's counsel appear and present to the Court authority relied upon for demanding payment in full outside of the Plan and for

2

charging an additional $275 conversion fee without approval of the Court. The United States Trustee further requested that Debtor's counsel account for any other cases where debtors converted from Chapter 13 to Chapter 7 in the past twelve months and additional fees were charged without approval of the Court. Further, the United States Trustee requested that Debtor's counsel be ordered to disgorge the $275 conversion fee and any other fees that the Court deemed appropriate under the circumstances of this case.

## Conclusions of Law

On September 10, 2007, Debtor's counsel filed a Memorandum of Law which completed the requirements placed on Debtor's counsel in this Court's Order to Show Cause of August 13, 2007. In his Memorandum of Law, Debtor's counsel concedes the arguments raised by the United States Trustee in its Motion for Order to Show Cause and discloses accounting of other cases involving fees charged for conversion from Chapter 13 to Chapter 7. The Court has been advised by the Office of the United States Trustee that it will be filing no further response and that it is satisfied with the accounting and admissions submitted by Debtor's counsel.

In his Memorandum of Law, Debtor's counsel concedes and indicates that he is prepared to disgorge the conversion fees collected in In re Angel, No. 04-93066, In re Grinderslev, No. 06-90559, In re Eller, No. 07-90387, and the instant case In re Harrison. Debtor's counsel also concedes that Debtor, Toni Ann Harrison, is entitled to additional disgorgement or credit in the amount of $306.47, representing the balance of unpaid Chapter 13 attorney fees.

###